**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**BID PROTEST**

| | |
|---|---|
| C3.AI, INC.,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | Case No. 1:25-cv-00787-EGB<br><br>Judge Eric G. Bruggink |

**PALANTIR TECHNOLOGIES INC.'S UNOPPOSED MOTION TO INTERVENE**

Pursuant to Rule 24(a)(2) of the Rules of the Court of Federal Claims ("RCFC"), Palantir Technologies Inc. ("Palantir"), by and through the undersigned counsel, respectfully moves to intervene in the above-captioned case. Palantir seeks to intervene to protect its rights as the awardee of the contract challenged by Plaintiff C3.AI, Inc. in this bid protest. Palantir has conferred with counsel for plaintiff and defendant, and neither opposes this Motion.

Under Rule 24(a)(2), Palantir is entitled to intervene as a matter of right because, as the awardee, it has an interest relating to the subject matter of this action and is "so situated that disposing of the action may as a practical matter impair or impede its ability to protect its interest . . . ." RCFC 24(a)(2). This rule provides for "intervention of right" upon timely application to the Court when the party seeking to intervene:

> claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

RCFC 24(a)(2); *see also Northrop Grumman Info. Tech., Inc. v. United States*, 74 Fed. Cl. 407, 413 (2006).

Palantir meets the Rule 24(a)(2) test. As the awardee, Palantir has a direct and immediate interest in the litigation, as its economic well-being will be affected by the Court's resolution of this bid protest. If the Court were to rule in favor of Plaintiff, Palantir's interests would be affected because a re-evaluation or a new best-value determination may affect the award result.

Furthermore, although Defendant and Palantir both share an interest in demonstrating that Defendant's evaluation and the resulting award decisions were proper, only Palantir can adequately protect its interests in ensuring that any action taken does not adversely affect Palantir's right to the contract.

"The United States Court of Appeals for the Federal Circuit has advised that 'the requirements for intervention are to be construed in favor of intervention.'" *Bannum, Inc. v. United States*, 96 Fed. Cl. 364, 378 (2010) (quoting *Am. Mar. Transp., Inc. v. United States*, 870 F.2d 1559, 1561 (Fed. Cir. 1989)). This is especially true here, where Plaintiff seeks to overturn Defendant's determination that Palantir's proposal offered the best value and threatens to deprive Palantir of a properly awarded contract.

**CONCLUSION**

Accordingly, Palantir meets the requirements of RCFC 24(a)(2) and respectfully requests that the Court grant its motion to intervene as of right.

Dated: May 7, 2025

Respectfully submitted,



Damien C. Specht
MORRISON & FOERSTER LLP
2100 L Street NW, Suite 900
Washington, DC 20037
Telephone: 202. 791.8585
Facsimile: 202.887.0763
Email: DSpecht@mofo.com

*Attorney of Record for Palantir Technologies Inc.*

*Of Counsel:*

James A. Tucker
Brian E. Doll Jr.
Thomas Lee
MORRISON & FOERSTER LLP
2100 L Street NW, Suite 900
Washington, DC 20037
Email: JTucker@mofo.com
BDoll@mofo.com
TLee@mofo.com